## EDMUND G. RAWSON *v.* WALES F. GROW.

A defendant, on the return of a summons in the Marine and District Courts, is not entitled to an adjournment as matter of right, upon his mere request, without showing any reason therefor. (*a*)

And in such case, if he appears by an agent or attorney and answers the complaint, the court, on appeal, cannot receive affidavits to show that manifest injustice has been done, and suspend, or set aside, the judgment, and order a new trial under § 366 of the Code.

As to what transpired in the court below, the return is conclusive, and affidavits cannot be read to contradict it nor to add thereto.

If the return is defective, an amendment should be procured by application to this court for an order upon the court below to make a further or full return in relation to the matters alleged to be omitted or defectively set forth therein.

In an action upon an account for medical attendance, where there is no proof as to the time when the services were rendered, nor when a demand—which is testified to—was made; interest can only be allowed to the plaintiff from the commencement of the suit.

ACTION commenced by summons, in the Sixth District Court, for medical attendance. On the return day, a friend of the defendant appeared and stated to the justice that the defendant had requested him to attend and get the case adjourned. The plaintiff objected, and the court proceeded with the cause, when the defendant's friend pleaded a set off, but produced no testimony. A judgment having been rendered for the plaintiff, the defendant appealed, and on the hearing in this court, offered affidavits relative both to the merits of his intended defence and to the proceedings in the court below.

The testimony showed a demand from the defendant before suit, but neither the time thereof, nor when the alleged services were rendered, appeared in evidence.

---

(*a*) See 2 Rev. Laws, p. 371, § 88. For the provisions relating to adjournments, in the act to reduce the laws touching the district courts into one act passed April 13, 1857, see §§ 25 to 28, 40. (Laws of 1857, vol. 1, p. 707.)

*John Bell* and *Frederick A. Coe*, for the defendant.

*Lorenzo B. Shepard*, for the plaintiff.

By the Court. Woodruff, J.—When a defendant appears before the court below, and puts in an answer joining issue, this court have no power to set aside or suspend the judgment on the ground that the defendant has a defence on the merits, which he neither proved nor was prepared to prove, and that manifest injustice has been done. We cannot receive affidavits to show that such a defence exists. The 366th section of the Code does not apply to such a case.

Where a defendant asks an adjournment without showing any " sufficient reason therefor," he is not entitled thereto as matter of right, and we cannot reverse a judgment because an adjournment was refused.

The return is conclusive in relation to the matters transpiring in the court below, and we cannot, therefore, look into affidavits to see whether any reason was assigned for the adjournment. If the return is in this respect defective, an amendment should have been procured by application to this court for an order upon the court below to make a further or full return in relation to the matters alleged to be omitted or defectively set forth therein.

Nothing appearing by the return in this case on this subject, except that the person who appeared and answered on behalf of the defendant, stated " that the defendant requested him to come to court and get the case adjourned," there was no error in refusing to adjourn the case. (See 2 Rev. Laws, p. 371, § 88.)

We think, also, that the plaintiff's right to recover was sufficiently proved. The defendant was proved to have admitted that the plaintiff had a bill against him for attendance upon his wife during her confinement, and testimony was given as to what services necessary in such a case were worth.

But, in relation to interest, the judgment was erroneous. There was no evidence of the time when the services were

rendered, nor of the time when payment was demanded, and, therefore, the interest could only be allowed from the time of suit brought.

The judgment must be reversed as to the interest, and affirmed as to the residue; and this modification of the judgment should be without costs on appeal to either party.

Ordered accordingly.